**MIRANDA LAW OFFICE**
10645 N. ORACLE RD., STE. 121-305
ORO VALLEY, ARIZONA 85737
TELEPHONE: (520) 792-9411
FACSIMILE: (520) 203-0266

RAUL A. MIRANDA, ESQ.
STATE BAR NO. 017386 - PCC NO. 65133
E-MAIL: mirandalaw@comcast.net
ATTORNEY FOR DEFENDANT

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SILVIO BERTILIO CRUZ-VELASQUEZ,<br><br>Defendant. | CR19-1543-TUC-RCC-(LAB)<br><br>**DEFENDANT'S SENTENCING MEMORANDUM** |

Defendant SILVIO BERTILIO CRUZ-VELASQUEZ, through undersigned counsel, hereby submits his Sentencing Memorandum for consideration at his sentencing hearing set for Wednesday, September 18, 2019, at 9:10 AM, before the Honorable Raner C. Collins.

The Defendant has pled guilty to the Indictment which charged illegal reentry after deportation under the Government's plea agreement wherein he agreed to waive his appellate rights. The PSR correctly reports that his Total Offense Level is 13, and his Criminal History Category is IV with nine (9) criminal history points. The resultant guideline range is twenty-four (24) to thirty (30) months.

The Government's standard "fast track" plea agreement in this case provides a further reduction of two (2) offense levels for a stipulated sentence range of **eighteen (18) to twenty-four (24) months**. At section II(C) of the plea agreement, the Government has agreed to not withdraw from the plea agreement if the Defendant successfully argues for a downward variance from the stipulated plea agreement sentence range. A significant downward variance is requested in this case.

. . . .

In accordance with the Probation Department's policy, Probation Officer Erin C. Swink has recommended that a sentence at the low end of the plea agreement range of eighteen (18) months be imposed. Undersigned counsel urges the Court to impose a sentence of **eight (8) months** be imposed as "all that is necessary" in this case for the reasons set forth below.

## MEMORANDUM

**A.   SENTENCING LAW**

In *United States v. Gall*, 128 S.Ct. 586 (2007), the Supreme Court emphasized the need for district courts to make an individualized assessment of an appropriate sentence based on the facts presented. The Ninth Circuit Court of Appeals has stated that a court commits legal error by treating advisory sentencing guidelines as if it was the only reasonable sentence that a court can impose. *United States v. Zavala*, 443 F.3d 1165 (9th Cir. 2006)(*overruled on other grounds*).

The *Zavala* court emphasized that a district court misapplies 18 U.S.C. § 3553(a) if it treats the guideline calculations as the presumptive sentence, and puts the onus on the defendant to provide reasons for deviating from the guideline range. *Id.* at 1170-1171. If a sentencing court adopts the approach that the sentencing guideline range is the presumptive sentence from which it will "depart" or vary only if the defendant provides satisfactory reasons, the court will fail to embrace its . . . . . sentencing discretion and come "perilously close" to resurrecting the mandatory guidelines regime struck down in *Booker. Id.*

*Zavala* instructs district courts to consider the guideline range as "a, but only a, factor to be considered." *Id.* at 1170. **The court is urged to consider other factors, including "the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence imposed to provide just punishment for the offense, and to provide rehabilitation**." *Id.* at 1168, *citing* § 3553(a). (*Emphasis added*.)

**B.   CRIMINAL HISTORY**

Mr. Cruz-Velasquez is now 26 years old. He has been deported eight times, the first time on November 14, 2008, when he was 16 years old, and most recently on June 13, 2018.

Counting for criminal history points in the instant case, Mr. Cruz-Velasquez has a prior Utah state felony conviction for drug trafficking wherein he received a suspended sentence of zero (0) to

MIRANDA LAW OFFICE
10645 N. ORACLE RD., STE. 121-305
ORO VALLEY, ARIZONA 85737
TELEPHONE: (520) 792-9411
FACSIMILE: (520) 203-0266

1  five (5) years, with 3 years probation. He committed that crime when he was 19 years old in 2012.
2  For that crime all he actually served was thirty (30) days in jail, and upon his release he was arrested
3  and charged with illegal reentry in the Federal District Court in Utah.  He was convicted of illegal
4  reentry for the first time in 2012, receiving a sentence of seventy-six (76) days time served.
5  Thereafter in 2014, Mr. Cruz-Velasquez was again convicted for illegal reentry in Utah and received
6  a sentence of time served of 239 days and placed on supervised relelase for three years.
7  Subsequently in 2016, his supervised release was revoked and he was sentenced to an additional 77
8  days time served, after he had been arrested and convicted in San Francisco, California, for accessory
9  to drug trafficking.  For this offense, he received a sentence of six (6) months and placed on
10 probation, which was due to expire in September, 2019.  This accounts for Mr. Cruz-Velasquez's
11 nine (9) points of criminal history and placement in Category IV.

12 Besides the above, Mr. Cruz-Velasquez has had a myriad of law enforcement contacts (17)
13 in the San Francisco Bay area from 2010 through 2019.  All of these have resulted in dismissals or
14 non-prosecution due to his association with the DEA as an asset.  Mr. Cruz-Velasquez is now aware
15 that his prior association with the DEA does not allow him to return to the United States whenever
16 he wants. He has been made aware that any future infraction will result in guideline increases based
17 on increased criminal history category.  He understands that he can expect to be sentenced to years
18 in prison should he opt to return again in the future.

19 In this case, a period of supervised release to follow will provide more deterrence than any
20 imposed sentence within the plea agreement range in this case. Mr. Cruz-Velasquez now understands
21 that future incursions into the country will result in even greater sentences, and he does not want to
22 spend any more time in prison.  Therefore, the Court is urged to impose a sentence of **eight (8)**
23 **months with three (3) years supervised release to follow** as "all that is necessary."  Such a
24 sentence would be **double the time** that he has received for any conviction in the past.

25 C.     **DEFENDANT'S PARTICULAR CIRCUMSTANCES AND CHARACTERISTICS**

26 Mr. Cruz-Velasquez was born and raised in Francisco Morazon, Tegucigalpa, Honduras. He
27 has an older brother who lives in Honduras and an older sister who lives in the United States. Both
28 his parents are deceased, both killed by a gang in Honduras. Mr. Cruz-Velasquez has a credible fear

MIRANDA LAW OFFICE
10645 N. ORACLE RD., STE. 121-305
ORO VALLEY, ARIZONA 85737
TELEPHONE: (520) 792-9411
FACSIMILE: (520) 203-0266

of returning to Honduras as he believes the drug cartel there is aware of his having been an asset for the DEA. He believes that his parents were killed because of his past involvement with the DEA. He fears for his brother's safety as well.

Mr. Cruz-Velasquez first came to the United States when he was 15 to find a better life and improve his economic situation. Because his family could not pay the coyotes who brought him to the United States, he was "sold" to a drug cartel in the United States and forced to work for them selling drugs. This led to his many arrests and his eventual involvement with the DEA as an asset. Mr. Cruz-Velasquez had applied for a T-Visa as a victim of human trafficking but the request was denied.

Mr. Cruz-Velasquez accepts responsibility for his illegal actions. He now fully understands the consequences of future illegal reentries as counsel has explained those consequences in detail. He is repentant and fully understands that he will only wind up serving more time in prison if he is arrested again. He avers that he will not return again. After his next deportation to Honduras, he plans to apply for a passport and emigrate to Panama if he can. He has heard that there are more job opportunities in Panama, and he hopes that perhaps he can escape retribution from the cartel there. Accordingly, the court is urged to impose a sentence of **eight (8) months with three (3) years supervised release to follow** as "all that is necessary."

D. **HIGH COST OF IMPRISONMENT**

Under the current regime of ever increasing federal spending, the Court is urged to consider the high costs of incarceration when imposing sentence. Warehousing Mexican nationals in federal prisons or contract facilities is not the answer. It is reported that approximately a third of federal inmates are foreign nationals, mostly from Mexico and Central America. The U.S. taxpayer must foot the bill for housing them. The Court is urged to assist in reducing these costs by reasonably imposing the least time possible in sentencing.

E. **CONCLUSION**

Because of the particular circumstances of this case, Mr. Cruz-Velasquez's past cooperation with the DEA, his resource saving decision to accept responsibility, Mr. Cruz-Velasquez's humble background and unusual history, and in consideration of all the 18 U.S.C. § 3553 factors, the Court

is urged to impose a just and reasonable sentence of **eight (8) months with three (3) years supervised release to follow** as "all that is necessary."

       **DATED** this 20th day of August, 2019.

                                           s/ *Raul A. Miranda*
                                           RAUL A. MIRANDA
                                           Attorney for Defendant

. . . .

. . . .

. . . .

**Original of the foregoing electronically filed this 20th day of August, 2019, with:**

Clerk of Federal District Court
405 W. Congress, Suite 1500
Tucson, AZ 85701

Honorable Raner C. Collins
Senior United States District Court Judge
405 W. Congress
Tucson, AZ 85701

Ryan J. Ellersick
Assistant U.S. Attorney
405 W. Congress, Suite 4800
Tucson, AZ 85701

By: s/ *Raul A. Miranda*

MIRANDA LAW OFFICE
10645 N. ORACLE RD., STE. 121-305
ORO VALLEY, ARIZONA 85737
TELEPHONE: (520) 792-9411
FACSIMILE: (520) 203-0266